DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

BENJAMIN KINGSLEY (CABN 314192)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6937
    FAX: (415) 436-7234
    benjamin.kingsley@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO: CR 20-251 JD |
| Plaintiff, | [PROPOSED] ORDER OF DETENTION PENDING TRIAL |
| v. | |
| XIN WANG | |
| Defendant. | |

    On June 7, 2020, defendant Xin Wang was arrested on a criminal complaint at Los Angeles International Airport as he was attempting to fly to the People's Republic of China ("PRC"). Defendant made his initial appearance in the Central District of California on June 8, 2020. The government moved for detention, and on June 12, 2020, defendant was ordered by the Honorable Jacqueline Chooljian to be transported in custody to this district for further proceedings.

    On August 11, 2020, he made his initial appearance in this district before the Honorable Thomas S. Hixson. The government moved for detention, and defendant was remanded to custody pending a detention hearing. The detention hearing was continued several times at the request of the defense, to allow the defense time to prepare.

[PROPOSED] DETENTION ORDER
CR 20-251 JD

On September 29, 2020, this Court held a hearing on the motion for detention. Defendant was present and represented by counsel. In advance of the hearing, Pretrial Services submitted a report in recommending that defendant be detained, and a representative of Pretrial Services was present at the hearing. Also in advance of the hearing, this Court received and reviewed the government's memorandum and supporting affidavit regarding detention, filed in the Central District of California in 20-mj-02585-DUTY on June 11, 2020. At the hearing, the government continued to seek detention; defendant opposed that motion, and sought pretrial release on a recognizance bond. Proffers and arguments regarding detention and release were submitted by the parties.

Upon consideration of the facts, proffers, and arguments presented, the Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance at further proceedings in this matter. Accordingly, the Court concludes that defendant must be detained pending trial in this matter. This Order supplements the Court's findings at the detention hearing and serves as written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i)(1).

The Court finds by a preponderance of the evidence that the defendant is an extreme risk of flight and non-appearance. Defendant has no ties to the United States or the community here, and defendant's family, who had been present with him during his time in the United States, left the United States shortly after his arrest, to return to the PRC. Defendant has no reason to remain in the United States voluntarily during this proceeding. Further, the government of the People's Republic of China has the resources, ability, and motivation to facilitate defendant's flight from the United States should he be released from custody. Finally, the Court finds defendant's proposed recognizance bond is not sufficient to ameliorate these significant risks.

Accordingly, based on all of the facts set forth above, the facts proffered by the government, and the information set forth in the Pretrial Service's report, the Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community and appearance of defendant as required.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1    (1) the defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

    (2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

    (3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

DATED: _____

THE HONORABLE ALEX G. TSE
United States Magistrate Judge